UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-5178JLR |
| Plaintiff, | ORDER |
| v. | |
| YOUSEF AND TASNEEM INC., et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for a 60-day extension of time to perfect service on Defendant Ali Altameemi. (Mot. (Dkt. # 8).) The court GRANTS GS Holistic's motion for an extension of time.[1]

Federal Rule of Civil Procedure 4 requires a plaintiff to serve the defendant with a

---

[1] Although the motion is noted for consideration on June 16, 2023 (*see id.*), the court sees no reason to delay issuing a decision on the motion. *See* Fed. R. Civ. P. 1 (authorizing the court to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 1

summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

GS Holistic filed this action on March 6, 2023. (Compl. (Dkt. # 1).) As a result, Rule 4(m)'s 90-day deadline for effectuating service of process expired on Monday, June 5, 2023. Fed. R. Civ. P 4(m). On April 27, 2023, GS Holistic filed an affidavit of service on Defendant Yousef and Tasneem Inc. (Aff. of Service (Dkt. # 7).[2]) GS Holistic represents that its process server attempted to serve Mr. Altameemi "a few times but was unsuccessful." (Mot. ¶ 3.) GS Holistic has since provided its process server a new address at which to attempt service on Mr. Altameemi. (*Id.* ¶ 4.) GS Holistic now asks the court to extend the Rule 4(m) deadline by 60 days to allow it to perfect service on Mr. Altameemi "either personally or by publication." (*Id.* ¶ 5.)

Based on the limited information GS Holistic has provided regarding its efforts to locate and serve Mr. Altameemi, the court does not find that GS Holistic has demonstrated good cause for its failure to effectuate service before the Rule 4(m) deadline. Nevertheless, the court GRANTS GS Holistic's motion for a 60-day extension

---

[2] To date, Yousef and Tasneem Inc. has not appeared in this action. (*See generally* Dkt.)

of the deadline to perfect service (Dkt. # 8).³  GS Holistic shall file proof of service on Mr. Altameemi by no later than **August 4, 2023**.  Failure to do so may result in the dismissal without prejudice of GS Holistic's claims against Mr. Altameemi.  Further extensions of the deadline to serve Mr. Altameemi will not be granted absent exceptional circumstances.

Dated this 7th day of June, 2023.

JAMES L. ROBART
United States District Judge

---

³ This order does not grant GS Holistic leave to serve Mr. Altameemi by publication.  If GS Holistic seeks to serve Mr. Altameemi by publication, it must file a motion for leave to do so. *See Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005) (explaining the standard for granting leave to serve a defendant by publication in Washington).

ORDER - 3